ERMINIO TRIULZI *vs.* ANTHONY COSTA & others.

Suffolk.    October 5, 1936. — November 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Lateral Support. Building Laws. Boston. Equity Jurisdiction,* To enjoin trespass.

The "street," referred to in the provisions of § 19 of the building laws of Boston, St. 1907, c. 550, "that the owner of any building which is endangered by an excavation carried by an adjoining owner more than ten feet below the grade of the street may recover the expense . . . caused [to him] of supporting such building from the persons causing such excavation to be made," is the street on which the building to be protected is situated.

Where a few bricks in a wall projected a few inches into an abutting wall on adjoining land, causing no actual damage thereto, it was proper to deny to the adjoining landowner an injunction against continuance of the trespass and to award him nominal damages only.

BILL IN EQUITY, filed in the Superior Court on October 31, 1935.

The suit was referred to a master. In addition to findings by him described in the opinion, he found "the fair value of the work of shoring up and supporting the Triulzi rear wall, including the removal of the temporary supports after the new foundation was built, to be $350, and the fair value of the new foundation built as a permanent support to said rear wall to be $200.

"The plaintiff did not see the work being done of shoring up and supporting his rear wall while it was in progress, but I am satisfied that he knew that it was being done, and he accepted the benefit thereof. . . .

"If as a matter of law the depth of the excavation determining the rights of the parties under the statute cited is to be considered with reference to the grade of North Street

and not that of Fleet Street, and the duty of supporting his rear wall was imposed upon the plaintiff without any right for reimbursement from the adjoining owners, then I find that the defendants Costa, having done the work which the plaintiff himself was obligated to do, the plaintiff knowing that the same was being done and accepting the benefit thereof, would be entitled on an implied contract to the fair cost or value of doing the same, which I found as above set forth."

There was a hearing by *Hanify*, J., by whose order there were entered an interlocutory decree overruling exceptions by the plaintiff to the master's report and confirming the report, and a final decree that the defendants Costa were entitled to affirmative relief against the plaintiff in the sum of $550 "as damages" and ordering execution therefor; and that the plaintiff was entitled to $1 damages for alleged trespasses committed by the defendants. The plaintiff appealed from the final decree.

*A. U. Rosa*, for the plaintiff.

*W. F. Kane*, for the defendants.

PIERCE, J. This is an appeal by the plaintiff from a final decree after confirmation of a master's report.

Findings by the master, succinctly stated, were that the plaintiff is the owner of a parcel of land with a frontage of twenty feet on Fleet Street, in the city of Boston, with side lines of thirty-three feet; that a building erected in 1849 now occupies the entire lot; that the defendants Costa, hereinafter called the defendants, own a lot of land on North Street, in the city of Boston, which abuts on the rear line of the plaintiff's lot; and that the plaintiff's title does not extend to or cover any part of the defendants' land, upon which the defendants are erecting a new brick building in place of an old building.

Further findings by the master were in substance that the defendants have title to the premises in the rear of the plaintiff's lot up to the face of the rear wall on the plaintiff's premises; and that the defendants, in the process of excavating for their new building, undermined the rear wall foundation of the plaintiff's building, entered upon

his land, excavated under said rear wall, removed the old foundation and built a new foundation. Respecting these acts, which were admitted by the defendants, the master found as follows: "In the process of excavating for the new Costa building the foundation of the rear wall of the Triulzi building was exposed and showed that the same was constructed of loose stone, laid dry, and in two places had been built over old wooden sewers or cesspools which had rotted away, leaving openings unsupported and partly filled with mud or silt"; and that "This foundation without the support of the Costa land was in dangerous condition and there was likelihood that it might cave in, causing the rear wall to fall and do serious damage to both properties. Further excavation on the Costa property was ordered stopped by the City Building Department until the Triulzi foundation and wall was made safe. Thereupon arrangements were made by the Costas' contractor to shore up and carry the weight of the Triulzi rear wall by means of steel beams, and while so carried said contractor removed the old foundation under the rear wall of the Triulzi building and built under said wall a new foundation of concrete, which foundation was carried to the same depth as the foundation for the new Costa building, viz. $9\frac{1}{2}$ feet below the grade of North Street, and an average depth of over 10 feet below the grade of Fleet Street."

St. 1907, c. 550, relative to the construction, alteration and maintenance of buildings in the city of Boston, provides in § 19: "All excavations shall so be protected, by sheet piling if necessary, by the persons causing the same to be made, that the adjoining soil shall not cave in by reason of its own weight. It shall be the duty of the owner of every building to furnish, or cause to be furnished, such support that his building shall not be endangered by any excavation: provided, that the owner of any building which is endangered by an excavation carried by an adjoining owner more than ten feet below the grade of the street may recover the expense so caused of supporting such building from the persons causing such excavation to be

made. All permanent excavations shall be protected by retaining walls. In case of any failure to comply with the provisions of this section the commissioner may enter upon the premises and may furnish such support as the circumstances may require. Any expense so incurred may be recovered by the city from the persons required by law to furnish the support."

At common law, as seen in this Commonwealth, if an owner of land makes an excavation in it so near the adjoining land of another proprietor that the soil of the latter breaks and falls into the pit he is liable for the injury done to the soil, but in the absence of negligence in the execution of the work the excavating owner is not responsible for injury to the buildings which have been placed upon the land. *Foley* v. *Wyeth*, 2 Allen, 131, 132. *Gilmore* v. *Driscoll*, 122 Mass. 199. In *Regan* v. *Keyes*, 204 Mass. 294, 302, it is said ". . . an excavation for a city building . . . always goes beyond the line to which the owner is confined by the law of lateral support, and the neighbor's land in the ordinary case has to be protected in some way. It is this practical view of the situation which has led to the statute . . . requiring one who makes an excavation ten feet or more below the grade of the street to bear the expense of supporting the wall, if there be one, on the adjoining land." In the case at bar the master states that "There was contradictory evidence as to whether or not the petitioner [plaintiff] had orally agreed to pay to the Costas the sum which they had agreed to pay the contractor for the work on the Triulzi wall and foundation"; and upon all the evidence he found that "there was no express contract between the petitioner [plaintiff] and the Costas to pay for this work."

He found that the excavation on the Costa property was over ten feet in depth below the grade of Fleet Street in front of the Triulzi property, but was nine and one half feet below the grade of North Street. It is obvious that the issue, whether the defendants on their answer are entitled to recover of the plaintiff the fair value of the work of

temporarily shoring up and supporting the plaintiff's rear wall, including the removal of the temporary supports after the new foundation was built, and the fair value of the new foundation as a permanent support to the said rear wall, depends upon whether under St. 1907, c. 550, § 19, the grade there referred to is the grade of Fleet Street, upon which the building of the plaintiff stands, or the grade of North Street. We think the provision of the statute, above quoted, refers solely to the owner of any building which is endangered by an excavation carried on by an adjoining owner, and that it is apparent therefrom that the "street" to which reference is made is the street on which the building to be protected is situated. This construction of the statute being adopted, it follows that the obligation to support the building and the foundation of the building was upon the defendants if they should excavate more than ten feet below the grade of Fleet Street, as they did. The decree is to be modified by striking out the order that the plaintiff is to pay the sum of $550 "as damages, and execution is . . . to issue therefor."

Respecting the plaintiff's claim that an injunction should issue restraining the continuance of a few bricks, imbedded in the wall of the defendants, which projected a few inches into the rear wall of the plaintiff, the master found the plaintiff suffered no actual damage therefrom and that he is entitled to nominal damages of $1. We think in the circumstances shown that an order for the removal of the bricks would be oppressive and inequitable. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448, and cases cited at page 451. See *Loughlin* v. *Wright Machine Co.* 273 Mass. 310, 316; *Gray* v. *Howell,* 292 Mass. 400.

As modified by this opinion the decree is

*Affirmed.*