ERMINA PAULA *vs.* JOSEPH SOARES.

Bristol.    October 23, 1939. — November 29, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction,* Plaintiff's clean hands.    *Fraudulent Conveyance.*

A suit in equity to compel the defendant to discharge a mortgage of real estate given by the plaintiff, in which the plaintiff relied on and proved lack of consideration, could be maintained though it also appeared that the mortgage was given "to protect" the real estate from an anticipated action by a creditor of the plaintiff.

BILL IN EQUITY, filed in the Superior Court on June 6, 1938.

The defendant appealed from a final decree entered by order of *Goldberg,* J.

*D. Silverstein,* for the defendant.
*H. W. Radovsky,* for the plaintiff.

DOLAN, J.    In this suit in equity the plaintiff seeks to compel the defendant to discharge a mortgage of certain real estate which, the plaintiff alleges, was executed and delivered to the defendant without consideration. The

defendant answers that he gave "good and valuable considerations" for the mortgage.

The case was referred to a master who found that the defendant in fact gave no consideration for the mortgage, and that the plaintiff executed and delivered the mortgage to the defendant fearing "anticipated suits against her [by one Moniz] and solely for the purpose of an attempt to protect" the real estate involved.* The master further found that Moniz instituted suit on account of his claim, by writ dated August 12, 1930, and that the action is still pending. An interlocutory decree was entered confirming the master's report, to which no exceptions had been taken, and a final decree was then entered ordering the defendant to discharge the mortgage in question. The defendant appealed from the final decree, and now argues that the subsidiary facts found by the master make a clear case of fraud by the plaintiff upon a creditor, in which he (the defendant) participated, and that a court of equity will not assist a party to such a fraud.

There is no averment of fraud against creditors in the pleadings. The plaintiff does not refer to or rely upon fraud. "The plaintiff was not obliged to show . . . [her] own guilt in proving . . . [her] case and . . . does not seek the aid of the court in the execution of the fraudulent scheme. . . . Under these circumstances the court will not interfere of its own motion and deny the plaintiff the relief sought." *Murphy* v. *Moore*, 228 Mass. 565, 568, and cases cited. The plaintiff could prove her case without reference to the fraudulent elements in the facts found by the master, in this suit to which no defrauded creditor is a party. *Lufkin* v. *Jakeman*, 188 Mass. 528. *O'Gasapian* v. *Danielson*, 284 Mass. 27, 34, and cases cited.

*Final decree affirmed with costs.*

---

* Moniz, the master found, was owed $2,150, principal, and $728 interest upon a note secured by a mortgage on other real estate of the plaintiff. — REPORTER.