ISABELLA E. ROTONDI & others *vs.* ANTONETTA ROTONDI.

Middlesex. December 7, 1949. — March 10, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, & SPALDING, JJ.

*Mortgage*, Of real estate: validity. *Equity Jurisdiction*, Plaintiff's clean hands. *Fraudulent Conveyance*.

A contention, that, because a mortgage was fraudulent as to the mortgagor's creditors, his widow and children were barred under the clean hands doctrine from maintaining a suit in equity against the mortgagee to have it discharged and cancelled as without consideration and not intended to be valid and binding, was without merit where there was no averment in the pleadings of fraud on the mortgagor's part and no evidence of wrongdoing on the part of the plaintiffs and the plaintiffs did not need to, and did not, rely on such fraud of the mortgagor.

BILL IN EQUITY, filed in the Superior Court on November 19, 1947.

The suit was heard by *Kirk*, J.

*F. M. Geremonte*, for the defendant.

*C. G. Anastos*, (*B. Darena* with him,) for the plaintiffs.

SPALDING, J. Charles J. Rotondi died intestate on July 29, 1947, survived by a widow and four minor children. At his death he was the owner of a parcel of real estate in

Stoneham on which there was a two family house. On September 18, 1929, Charles executed and delivered a purported mortgage of this property to his mother, the defendant. The mortgage, which was recorded on September 24, 1929, recited that it was to secure the payment of $6,000. This suit is brought by the widow on behalf of herself and as the next friend and guardian of her four children to compel the defendant to cancel and discharge the mortgage on the ground that it was executed and delivered without consideration and was never intended to take effect as a valid and binding obligation. The defendant makes no contention that the property in question was mortgaged to her by way of gift. See *Pearson* v. *Mulloney*, 289 Mass. 508, 515–516. In her answer and at the hearing below, she took the position that the mortgage was "based upon valuable and legal consideration."

The evidence, which is reported, is conflicting concerning the circumstances which gave rise to the execution and delivery of the mortgage and as to whether it was given for consideration. The judge found that "upon all the evidence . . . there was no consideration for the execution of the mortgage; that it was never intended either by Charles . . . or by the defendant to be a valid and binding obligation between them; [and] that it was executed and recorded for the purpose of protecting Charles . . . against prospective liabilities." A final decree was entered ordering the defendant to cancel and discharge the mortgage. The defendant appealed.

There was no error. The findings of the judge were not plainly wrong and support the decree entered below. The defendant argues that the mortgage was fraudulent as to creditors, and that the plaintiffs, under the clean hands doctrine, should be denied the aid of a court of equity. This contention is without merit. There is no averment of fraud on the part of Charles or the plaintiffs in the pleadings. The plaintiffs were not guilty of any wrongdoing and were not obliged to show the guilt of Charles, from whom their title is derived, in proving their case. They could prove

their case without reference to the fraudulent elements in the facts found by the judge. No defrauded creditor is a party to this suit. See *O'Gasapian* v. *Danielson*, 284 Mass. 27, 34. In these circumstances the court will not interfere of its own motion to deny the relief sought. The case is governed by *Lufkin* v. *Jakeman*, 188 Mass. 528, 531–532, *Murphy* v. *Moore*, 228 Mass. 565, 568, and *Paula* v. *Soares*, 304 Mass. 450, rather than by *Caines* v. *Sawyer*, 248 Mass. 368, 374, cited by the defendant.

*Decree affirmed with costs.*