JOSE R. PERES *vs.* MARIA AUGUSTINE MIRANDA Y COSTA. March 10, 1975. The defendant appeals from a decree of a Probate Court annulling a conveyance of real estate made "in consideration of love and affection" and ordering a reconveyance to the plaintiff. The trial judge found, in his report of material facts (the evidence is not reported), that the conveyance was made by the plaintiff to the defendant for "safe keeping" while the plaintiff was abroad, "and it was intended that he would get the property back when he returned to this Country." The only issue argued by the defendant (see *Commonwealth v. Bernier,* 366 Mass. 717, 720 [1975]) is whether the plaintiff's "unclean hands" bar him from equitable relief. The Statute of Frauds is not in issue. The defendant relies on the trial judge's finding that upon the plaintiff's return (the defendant having refused to reconvey the property to him) he had a deed prepared purporting to convey the property to the parties as joint tenants on which the defendant's signature was forged and which was recorded. The unclean hands defense has no application in this case because the plaintiff "does not ... rely here on his improper conduct ... or upon the [forged] deed ... and no harm has been caused to the defendant by the deed ...." *Barche v. Shea,* 335 Mass. 367, 371 (1957). *Rotondi v. Rotondi,* 325 Mass. 503 (1950). Compare *Arrow Plywood Corp. v. Eighty Boylston St. Corp.* 360 Mass. 705, 706-707 (1972).

*Decree affirmed.*

*Jerome W. Baird* for the defendant.
*Frederick C. Mycock* for the plaintiff.