ELIZABETH J. KATTOR *vs.* DARIO D. SABATINI & others. July 30, 1976. This bill in.equity prayed (among other matters as to which the Superior Court granted relief) that the defendants be enjoined from channeling surface water from their land onto the plaintiff's adjoining land. 1. A master found that the defendants "constructed a gravel drainage system on ... [their] [the defendants'] land so as to catch water coming off a hill on the back of ... [their] land so that it would not flow towards ... [their] building and hardtop [parking lot]." This drainage system consisted of a gravel apron and a ditch, each of which the master characterized as a "definite artificial channel." He found that "[a]s a result of this drainage system, water was channeled by said system onto the land of the Petitioner" and that "the channeling was not into a natural watercourse...." The master further found that the defendants' construction "caused more of the water to flow into land of Petitioner instead of under the pavement." In accordance with settled principles the defendants have no right to divert water onto the

plaintiff's land by an artificial channel. *Manning* v. *Woodlawn Cemetery Corp.* 245 Mass. 250, 251-252 (1923). *Miller* v. *Darby,* 336 Mass. 243, 246 (1957). Cf. *Howe* v. *DiPierro Mfg. Co. Inc.* 1 Mass. App. Ct. 81, 85 (1973). An injunction should have been issued against the resulting continuing trespass (*White* v. *Chapin,* 12 Allen 516, 520 [1866]; *Miller* v. *Darby, supra,* at 246-247; *Ottavia* v. *Savarese,* 338 Mass. 330, 335-337 [1959]; *Chesarone* v. *Pinewood Builders, Inc.* 345 Mass. 236, 240-241 [1962]) and to prevent the possible arising of a prescriptive right. See *DiNardo* v. *Dovidio,* 312 Mass. 398, 402 (1942); *Ullian* v. *Cullen,* 3 Mass. App. Ct. 159, 164-165 (1975); McClintock, Principles of Equity, § 136, at 368 (2d ed. 1948). Nor is there any indication in the master's report, the sole basis for the decree (cf. *Chesarone* v. *Pinewood Builders, Inc., supra,* at 241), that this is an "exceptional" situation. See *Ottavia* v. *Savarese, supra,* at 336; *Peters* v. *Archambault,* 361 Mass. 91, 93 (1972). The statement in the master's report, "I heard no credible evidence of damages to the property of the Petitioner because of the installation of the system, and I find no damages," was merely a finding that monetary damages were not proved and does not negate a continuing injury arising from the increased flow of water artificially channeled onto the plaintiff's land. 2. The master's finding that the plaintiff "inadvertently allowed [the maintenance of] an advertising sign overhanging one foot over the [defendants'] property" is an insufficient basis for the defense of unclean hands. It has no bearing on the plaintiff's claim. See *Mackey* v. *Rootes Motors, Inc.* 348 Mass. 464, 467 (1965); *Peres* v. *Costa,* 3 Mass. App. Ct. 719 (1975). Furthermore, it was not pleaded in defense, but rather as a basis for affirmative relief which was not granted in the final decree (from which the defendants have not appealed). Accordingly, the final decree is reversed, and the case is remanded to the Superior Court to afford the plaintiff (in addition to the relief heretofore provided in the decree) further relief consistent with this opinion.

*So ordered.*

*Richard E. Teller* for the plaintiff.
*David A. Talman,* for the defendants, submitted a brief.