CONSTANCE FRANCHI & another,[1] trustees, vs.
JOHN R. BOULGER & another,[2] trustees.

Norfolk.  May 18, 1981. — August 27, 1981.

Present: GREANEY, ROSE, & DREBEN, JJ.

*Nuisance.  Trespass.  Injunction.  Damages,* Trespass.

Trustees of a real estate trust were liable for knowingly allowing to con-
tinue a nuisance created by a retaining wall improperly constructed on
their property prior to the establishment of the trust. [378]

Where a master had found that a retaining wall constituted a continuing
trespass on the plaintiffs' property but the judge denied injunctive re-
lief the case was remanded for a determination whether exceptional
circumstances warranted denial of the injunction. [379-380]

Water flow from a lot in an artificial channel onto adjoining property
constituted a continuing trespass which should have been enjoined
where there were no equitable considerations found which would pre-
clude such relief. [380]

CIVIL ACTION commenced in the Superior Court on Feb-
ruary 17, 1978.

The case was heard by *Meyer,* J., on a master's report.

The case was submitted on briefs.

*Gerald E. Katz & Jerry E. Benezra* for the plaintiffs.

*Walter H. McLaughlin, Sr., & William F. York,* for Lof-
tin E. Elvey & others, trustees, amici curiae.

DREBEN, J.  In this appeal from a judgment of the Superi-
or Court, the plaintiffs claim that the judge erred in failing
to grant injunctive relief and in failing to find the defend-
ants liable as trustees of Queensboro Court Condominium

---

[1] Olga Franchi.  The plaintiffs are trustees of the Nahatan Terrace
Realty Trust.

[2] Vincent O. Watson.  The defendants were named as trustees of the
Boulger and Watson Real Estate Trust (B & W Trust) and also as trustees
of Queensboro Court Condominium Trust (Condo Trust).

Trust (Condo Trust) for maintaining a retaining wall improperly constructed prior to the establishment of the trust. We hold that the defendants as trustees of the Condo Trust are liable to the plaintiffs and remand for additional findings as to damages and injunctive relief.

The following facts were found by a master. In 1973, the defendants Boulger and Watson, as trustees of the Boulger and Watson Real Estate Trust (B & W Trust), became owners of contiguous parcels of land in Norwood known as Lots 29, 30 and 31. In 1975, Lots 30 and 31 were conveyed to the plaintiffs' predecessors in title and were developed into an apartment complex of 138 units. Lots 30 and 31 were conveyed to the plaintiffs in September, 1977.

Prior to the 1975 conveyance, the B & W Trust, by blasting, had created a "precipitous cliff" between Lots 29 and 31, and in 1976-1977 that trust constructed a retaining wall along the cliff between the two lots. A portion of the wall was built on the Lot 31 side of the property line, a fact which was known to Boulger and Watson at the time the wall was built.

The retaining wall was not built in accordance with good and accepted engineering practices or in accordance with the State Building Code. On two separate occasions, portions of the wall broke and fell onto the plaintiffs' property. The master found that "there is a likelihood that the wall will further disintegrate, and . . . its precarious condition diminishes the value of the property" of the plaintiffs. He valued this diminution at $125,000.

In addition, due to poor grading and improper placement of a catch basin on Lot 29, water collects and flows in an artificial channel onto the plaintiffs' property, causing the plaintiffs' driveway to be iced in the winter. The master found that it would not be very expensive to regrade a portion of Lot 29 and direct the water into an existing catch basin. Although requested to do so, the master (on recommittal) was "unable to make a specific finding of diminution of value due to water flowage" but found past damages for 1977 and 1978.

He concluded that the defendants as trustees of the B & W Trust were negligent in constructing the retaining wall, and that they were also liable as trustees of the Condo Trust[3] in maintaining the wall.

The trial judge adopted the master's report including his additional findings made on recommittal. He modified the recommendations of the master by holding that the defendants were liable individually and as trustees of the B & W Trust but not as trustees of the Condo Trust. The judge also denied all injunctive relief. An amicus curiae brief was filed by the successor trustees of the Condo Trust.[4]

1. *Liability of Trustees of the Condo Trust.*

The subsidiary findings of the master that the wall is likely to disintegrate further and that the precarious condition of the wall diminishes the value of the plaintiffs' property are to be accepted "unless clearly erroneous." Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). They are "binding on appeal unless mutually inconsistent or plainly wrong." *Antioch Temple, Inc.* v. *Parekh,* 383 Mass. 854, 862-863 (1981). It is implicit in the findings that the defendants as trustees of the Condo Trust knew of the condition of the wall.

We think these explicit and implicit findings establish that the nuisance created by the B & W Trust was continued by the trustees of the Condo Trust. The fact that parts of the wall are likely to fall at any time shows that the nuisance is ongoing and continuous. See *Kurtigian* v. *Worcester,* 348 Mass. 284, 290 (1965). In these circumstances, the trustees of the Condo Trust, although they did not create the nuisance, are liable for knowingly allowing it to continue. Restatement (Second) of Torts § 839, Comment d 1977. See *Maynard* v. *Carey Constr. Co.,* 302 Mass. 530, 533 (1939); *Ross* v. *Broitman,* 338 Mass. 770, 775 (1959).

---

[3] The master found that on August 23, 1977, the B & W Trust executed a master deed establishing a condominium and that on that date Boulger and Watson executed a declaration of trust declaring themselves to be the unit managers of the Condo Trust in accordance with G. L. c. 183A.

[4] The docket indicates that a motion to intervene was filed and denied. The matter is not before us.

2. *Injunctive Relief and Damages.*

The master found that a portion of the retaining wall lies on the plaintiffs' land and constitutes a continuing trespass. "In Massachusetts a landowner is ordinarily entitled to mandatory equitable relief to compel removal of a structure significantly encroaching on his land . . . . In rare cases, referred to in our decisions as 'exceptional' [citation omitted], courts of equity have refused to grant a mandatory injunction and have left the plaintiff to his remedy of damages, 'where the unlawful encroachment has been made innocently, and the cost of removal by the defendant would be greatly disproportionate to the injury to the plaintiff from its continuation, or where the substantial rights of the owner may be protected without recourse to an injunction, or where an injunction would be oppressive and inequitable.'" *Peters* v. *Archambault,* 361 Mass. 91, 92-93 (1972), quoting in part from *Ottavia* v. *Savarese,* 338 Mass. 330, 336 (1959).

There is a limited exception where the encroachment is de minimis. E.g., *Lynch* v. *Union Inst. for Sav.,* 159 Mass. 306, 310 (1893) (plaintiff only had a short term left on his lease); *Tramonte* v. *Colarusso,* 256 Mass. 299, 300 (1926) (bulge of a building of one eighth to one quarter of an inch); *Loughlin* v. *Wright Machine Co.,* 273 Mass. 310, 315-316 (1930) (sewer pipes under six-inch strip); *Triulzi* v. *Costa,* 296 Mass. 24, 28 (1936) (a few bricks imbedded in defendant's wall projected a few inches into plaintiff's wall). But the exception is narrow. See *Harrington* v. *McCarthy,* 169 Mass. 492, 494 (1897) (overhang of eighteen inches had to be removed, projection by occasional stone did not); *Geragosian* v. *Union Realty Co.,* 289 Mass. 104, 106 (1935) (removal of a drain, and a fire escape platform with an overhang of eleven inches). See *Goldstein* v. *Beal,* 317 Mass. 750, 758 (1945); *Ottavia* v. *Savarese,* 338 Mass. at 331, 336-337. See also Nolan, Equitable Remedies § 417, at 502-503 (1975). But see Restatement (Second) of Torts § 941, Comment c (1977).

The readiness to grant injunctions in trespass cases derives from the historic notion that land is unique and that money

is an inadequate substitute, see *Chesarone* v. *Pinewood Builders, Inc.*, 345 Mass. 236, 240-241 (1962), and from the desire to avoid constitutional doubts which might arise if the trespass were permitted to be the guise for "an informal exercise of private eminent domain." *Peters* v. *Archambault*, 361 Mass. 91, 94 n.3 (1972).

Although it appears that the plaintiffs are entitled to have the wall removed or rebuilt, the case must be remanded, in any event, to determine the scope of the injunction and to recompute the damages. Accordingly, we refrain from ordering an injunction and leave to the trial judge the question whether this is an exceptional case "upon the particular facts and circumstances disclosed." *Peters* v. *Archambault*, *supra* at 93, quoting from *Ottavia* v. *Savarese*, 338 Mass. at 336.

Damages must be recomputed if there is an injunction requiring removal or rebuilding of the wall. The master awarded damages on the basis of the diminished value of the plaintiffs' land, a basis which includes an element of future damages. If an injunction were granted, the plaintiffs would only be entitled to recover for the harm suffered while the trespass or nuisance continued. *Ottavia* v. *Savarese*, *supra*, at 337. *Chesarone* v. *Pinewood Builders, Inc.*, 345 Mass. at 241-242. *Crowley* v. *J. C. Ryan Constr., Inc.*, 356 Mass. 31, 36 (1969).

While we remand on the question of injunctive relief as to the wall, we have no doubt that injunctive relief should be granted with respect to the diversion of surface waters onto the plaintiffs' land. The master's report indicates that there are no equitable considerations precluding relief. The water flow from the defendants' lot in an artificial channel onto the plaintiffs' property constitutes a continuing trespass which should be enjoined. See *Miller* v. *Darby*, 336 Mass. 243, 246-247 (1957); *Chesarone* v. *Pinewood Builders, Inc.*, *supra* at 240; *Kattor* v. *Sabatini*, 4 Mass. App. Ct. 835 (1976)

Accordingly, the matter is remanded to the Superior Court judge: (1) to issue an injunction requiring the de-

fendants to rechannel the water; and (2) to determine whether injunctive relief should be given with respect to the retaining wall and the scope of such relief. In making such determination, the judge may, in his discretion, hear additional evidence. If relief is denied, the judge should state his reasons. If the wall is ordered removed or rebuilt, the judge should determine damages for the period during which the defendants encroached upon the plaintiffs' land. It would appear appropriate to permit the successor trustees of the Condo Trust to participate in the hearings on remand. Since a judicial determination on the question of injunctive relief is required, it would be preferable not to recommit the matter to a master, even for damages.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*