RICHARD A. GOULDING, JR., & another[1] *vs.* GEORGE W.
COOK & another.[2]

No. 93-P-1354.

Suffolk. November 22, 1994. - January 27, 1995.

Present: ARMSTRONG, KASS, & GILLERMAN, JJ.

Further appellate review granted, 419 Mass. 1110 (1995).

*Injunction. Trespass. Damages*, Trespass. *Real Property*, Trespass,
Easement.

Where defendants' belief that a parcel of land belonged to them was not
    without reasonable foundation but later was proved to be erroneous,
    plaintiffs, owners of the property, were not entitled to injunctive relief
    compelling removal of a septic system the defendants had installed on
    the parcel, where the relative harm to the plaintiffs was slight com-
    pared to the prospective loss of the defendants' home if they were or-
    dered to remove the septic system: the Land Court judge correctly or-
    dered the plaintiffs to convey an easement in the parcel to the
    defendants for a sum of money. [95-97] ARMSTRONG, J., dissenting.
A Land Court proceeding was remanded for that court's determination of
    damages. [97]

CIVIL ACTION commenced in the Land Court Department
on July 31, 1991.

The case was heard by *Marilyn M. Sullivan*, J.

*John H. Wyman* for the plaintiffs.

*Stephen W. Dorsey* for the defendants.

KASS, J. There was a dispute between the parties about the
location of a boundary that separates their respective resi-
dential properties in Scituate. Where that boundary ran de-
termined whether the Gouldings, the plaintiffs, or the Cooks,
the defendants, own a triangular parcel of 2,998 square feet
(the locus). A judge of the Land Court, acting on a petition

[1]Roberta A. Goulding.
[2]Dorothy N. Cook.

brought under G. L. c. 240, § 1, determined that the
Gouldings held title to the locus.

That was a decision of some consequence to the Cooks who
had built a septic system in the locus. An application for a
preliminary injunction to prevent that construction had been
denied. While the judge ruled for the Gouldings on the title
question, she declined to order removal of the encroaching
septic system on the ground that the Cooks had acted in a
good faith conviction that the locus belonged to them and on
the ground that an injunction would impose grievous harm
on the Cooks while causing little, if any, hardship to the
Gouldings. On appeal, the Gouldings insist that they are en-
titled to removal of the encroachment and that the judge
erred in failing to order it. We affirm.

The Cooks' belief — erroneous as it turned out — that the
locus belonged to them was not without foundation.[3] The
deed by which they took title seemed to include the locus. A
subdivision plan recorded in 1968 shows the locus as part of
their property, and an assessors' plan of the area adopts the
defendants' placement of the boundary. Finally, an exper-
ienced conveyancer, qualified as an expert, gave his opinion
that title to the locus was vested in the Cooks. All in all,
there was a sufficiently considerable basis for the Cooks to
harbor a conviction about their ownership of the locus that
the trial judge was warranted in her finding that the Cooks
had acted in good faith and were not involved in wilful
seizure of their neighbors' property.

At that, the Cooks might have chosen to abide the out-
come of the boundary quarrel with their neighbor had the
town of Scituate not been pressing them to build the septic
system in the locus, on pain of being required to vacate their
home. They had bought their property in 1979. In 1990,
work on another neighbor's swimming pool caused their cess-
pool, partially on that neighbor's property (unbeknownst to
the Cooks), to malfunction. A new sewage disposal system
was required. Only the locus had the proper percolation qual-

---

[3]On appeal, the Cooks do not dispute that the Gouldings own the locus.

ities. Use by the Cooks of the disputed triangle was not pre-cipitous. For something over a year, the Cooks and Gould-ings had dickered about an accommodation of their boundary quarrel by agreement.

Ordinarily, a landowner in Massachusetts is entitled to an injunction compelling removal of a significant encroachment on that owner's property, even though the encroachment was unintentional or negligent and the cost of removal is substantial in comparison to the injury suffered by the owner. *Gray* v. *Howell*, 292 Mass. 400, 403 (1935). *Peters* v. *Archambault*, 361 Mass. 91, 92-93 (1972), and cases there cited. "[T]hat neighborly conduct as well as business judgment would require acceptance of compensation in money for the land appropriated (*Hodgkins* v. *Farrington*, 150 Mass. 19, 24 [1889]), are ordinarily no reasons for denying an injunction. Rights in real property cannot ordinarily be taken from the owner at a valuation, except under the power of eminent domain." *Geragosian* v. *Union Realty Co.*, 289 Mass. 104, 109 (1935).

To that general rule there is an exception, described in a line of cases, where the plaintiff is remitted to damages because: the unlawful encroachment was made innocently and the consequence of removal is greatly disproportionate harm to the encroaching party; or the substantial rights of the owner suffering the encroachment can be protected without recourse to an injunction; or an injunction is thought to be oppressive and inequitable. *Brande* v. *Grace*, 154 Mass. 210, 213 (1891) (defendants thought themselves entitled to build the improvements held to be encroachments). *Lynch* v. *Union Inst. for Sav.*, 159 Mass. 306, 310 (1893) (encroachment based on difference about rights). *Loughlin* v. *Wright Mach. Co.*, 273 Mass. 310, 315-316 (1930) (trespass not intentional and plaintiff not deprived of beneficial use of his land). *Gray* v. *Howell*, 292 Mass. at 401-404 (the defendant, based on a lawyer's opinion as to the state of the title, had reason to build a garage where he did). *Triulzi* v. *Costa*, 296 Mass. 24, 28 (1936) (removal of encroaching bricks declared oppressive and inequitable). *Franchi* v. *Boulger*, 12 Mass. App.

Ct. 376, 379-380 (1981) (remand to determine if the "limited exception" concerning encroachment should be applied). The general rule, the opinion in *Gray* v. *Howell, supra* at 403, says, "does not require the court to inflict unnecessary and unconscionable injury and loss upon a defendant who, without wrongful intent, is unfortunate enough to discover that his building is a little over his neighbor's line, if the substantial rights of the plaintiff can be fully protected without doing so." Compare cases where injunctive relief to remove an encroachment was ordered: *Geragosian* v. *Union Realty Co.*, 289 Mass. at 110; *Ottavia* v. *Savarese*, 338 Mass. 330, 337 (1959); *Peters* v. *Archambault*, 361 Mass. at 94 (invasion substantial and on registered land that did not show the encroachment).

In the instant case, the plaintiffs argue, the encroaching defendants are not entitled to equitable indulgence because the defendants were on notice of the plaintiffs' claim of title and, thus, acted at their peril when they built their septic system on the locus. Notice of an opposing claim is not decisive on the question of the good faith of an encroachment, as the *Brande* and *Lynch* cases discussed in the previous paragraph illustrate. That, too, is the view of the Restatement (Second) of Torts § 941 comment b (1979), which remarks that good or bad faith is an important factor in the decision whether to grant injunctive relief and that in diagnosing whether the encroaching party has acted in good faith it is appropriate to appraise "the firmness of the defendant's belief that he was building upon his own land or the reasonableness of that belief upon the evidence that was then available to him." That is so "[e]ven if the defendant had knowledge that the plaintiff claimed to a certain line and then proceeded to build beyond that line." *Ibid.* In assessing that reasonableness, the finder should not "preclude consideration of the character of the evidence of the title, the mistakes of surveyors and the clarity or obscurity of the pertinent rules of law, upon which he relied." *Ibid.*

Assuming innocence or a reasonably grounded basis for claim of right by the encroaching party, relative hardship be-

comes an important factor. Restatement (Second) of Torts § 941 comment c. An injunction should be denied if it would cause grave hardship to the defendant while its refusal will cause little if any hardship to the plaintiff. *Ibid.* See also 6A American Law of Property § 28.17 (Casner ed. 1954); 5 Powell, Real Property par. 707.3[2] (1994) (emphasizing discretionary nature of injunctive relief as relief for trespass). The balancing test enables courts to avoid an environment that creates opportunity for petty extortion. Conversely, the injunction fairly lies if the harm to the encroaching party is a relatively modest dollar amount. See, e.g., *Geragosian v. Union Realty Co.*, 289 Mass. at 107, in which the cost of a new drain which would not trespass on the plaintiff's land was $4,300 and an overhanging fire escape could be moved without much difficulty.

Applying those principles to the case before us, it becomes apparent that the judge acted within her discretion in declining to enjoin the Cooks' trespass. The judge found that, if the Cooks could not locate their septic system as they did, they would lose their home because there was no alternative location and, on this record, no alternative means for sewage treatment. The septic system is, of course, entirely underground. The Gouldings could only use the triangular portion as side yard and, in fact, used it as lawn. The court ordered the Cooks to restore to its former state the surface of the ground. As a practical matter, the Gouldings suffer no current or, on this record, foreseeable harm.[4] On a weighing of relative harms, therefore, the balance tipped dramatically against the Cooks, i.e., they would suffer greatly if required to remove the encroachment, while the Gouldings would suffer imperceptibly should the encroachment remain in place. When a judge in such circumstances declines to impose injunctive powers, the consequence is not an exercise of private right of eminent domain. "If the tort remedy reaches a result forbidden to the condemnation suit because of the lack of a

---

[4]The list offered by the dissent suggesting uses for the locus by the Gouldings did not come from them; the Gouldings offered no evidence concerning harm to their estate by reason of the encroachment.

public purpose, it is because that result is incidental to what the court must find to be a fair adjustment of a largely unintended situation." Restatement (Second) of Torts § 941 comment d.

The judgment is unsatisfactory in that it requires the grant of an easement for a price to be negotiated. This appeal demonstrates all too vividly the obduracy of one or both of the parties, and a judgment that orders agreement is, as a practical matter, not enforceable. The first paragraph of the judgment, dealing with the title issue, is affirmed. The second paragraph is vacated and a new second paragraph shall be entered stating that the court, in accordance with its power to do equity, declines to enjoin the encroachment of the defendants, and that if, within thirty days of entry of the revised judgment in the Land Court, the parties do not submit to the Land Court for approval a draft of an easement allowing the septic system of the defendants to remain and be maintained by the defendants providing for restoration of the surface of the land affected by the easement in the locus, and providing for the money to be paid by the defendants for that easement, the Land Court shall hold a hearing for purposes of establishing the damages sustained by the Gouldings.

*So ordered.*

ARMSTRONG, J. (dissenting). When their abutters to the south built a swimming pool, the Cooks learned for the first time that their cesspool and leaching field encroached on the abutters' land. Construction of a replacement proved difficult. Percolation tests conducted on the Cooks' own property apparently did not work out. After a year of malodorous conditions, the Cooks were under increasing pressure from neighbors and from the board of health to resolve the problem. Their solution was to bulldoze a portion of the sideyard of their neighbor to the north, the Gouldings, so they could locate a portion of their new septic system there. They removed one end of a stone wall marking the boundary be-

tween the lots, destroyed a stockade fence, and felled trees.[1] Their rationalization for this annexation was a mistaken boundary measurement in a 1926 deed, causing some title documents since that time to be in conflict and enabling the Cooks to assert (and, apparently, believe, since the judge found they acted in good faith) that their deed supported their ownership of the disputed parcel. It is also true, however, that they were fully aware that the Gouldings resisted their claim, and it seems inconceivable that they were unaware that the Gouldings' claim of record title was also supported by title documents.

The Gouldings sought to resist the Cooks' invasion by legal means: they asked for a preliminary injunction. This was denied. The Cooks were thus able to proceed with construction of their new septic system, but this was at their own risk. The fact that they have completed the installation should not alter our evaluation of the equities.

It is true that, over many decades of decisions, there is found a small handful wherein injunctive relief against an encroachment has been denied. These cases primarily involve de minimis encroachments, ones which are inconsequential spatially, as in *Tramonte* v. *Colarusso*, 256 Mass. 299, 300 (1926) (bulge of a building on one-eighth to one-quarter of an inch), and *Triulzi* v. *Costa*, 296 Mass. 24, 28 (1936) (a few bricks in defendant's wall projecting a few inches into plaintiff's wall), or temporally, as in *Brande* v. *Grace*, 154 Mass. 210, 213 (1891) (plaintiff's lease due to expire in eight months), and *Lynch* v. *Union Inst. for Sav.*, 159 Mass. 306, 309 (1893) (plaintiff's lease of storage space due to expire in one and one-half years; bank offered plaintiff larger adjacent space). The cases are collected and compared in *Franchi* v.

---

[1]The Cooks raised a question at trial whether the bulldozed area had really been kept up as a part of the Gouldings' yard, as opposed to being an overgrown, undifferentiated area between the two yards. It is evident that the judge accepted the Gouldings' testimony on this point (supported by the prior owner, a neighbor across the street, the man who erected the stockade fence, and a lawn maintenance man), because she found that, even if the deeds had not confirmed the Gouldings' title, they would have acquired ownership by adverse possession.

*Boulger*, 12 Mass. App. Ct. 376, 379-380 (1981). Here, in contrast, the encroachment is permanent and spatially significant. On its facts this case is not comparable to any of the few wherein injunctive relief has been denied.[2]

The majority assume that the Gouldings are not hurt by the Cooks' use of their sideyard, because the septic system will be entirely underground. Even if septic systems always operated troublefree, this would have no plausibility, because the Gouldings will be restricted in the uses they may make of the leaching field area, including, for example, use for a leaching field of their own, or for a foundation, or, like the Cooks' neighbors to the south, for a swimming pool. Our law simply does not sanction this type of private eminent domain. *Geragosian* v. *Union Realty Co.*, 289 Mass. 104, 109 (1935). *Peters* v. *Archambault*, 361 Mass. 91, 94 n.3 (1972). *Franchi* v. *Boulger*, 12 Mass. App. Ct. at 380. If the preliminary injunction had been granted, surely we would not sanction a judgment that found the Gouldings to own the disputed triangle *and* ordered them to permit the Cooks to use it for their leaching field. The result should not be different simply because the Cooks, having successfully opposed the preliminary injunction, resorted to self help *pendente lite*. I cannot concur in the majority's view and would instead reverse so much of the judgment as withheld injunctive relief.

---

[2]See also *Gray* v. *Howell*, 292 Mass. 400 (1935), which involved an unwitting encroachment on a right of way. Justice Qua observes that the virtually universal rule that encroachments will be enjoined "has been applied, though perhaps more cautiously, where the plaintiff's interest in the land is an easement only." *Id.* at 403. The plaintiffs' interest here, of course, is a fee, not an easement.