Tucker, Richard T., J.
The plaintiffs, Michael S. Latka and Nancy J. Latka, commenced this action against the defendants, James Nielsen and Kathy Navid, seeking an order compelling the defendants to remove portions of their septic system that lie beyond the bounds of an express easement over the plaintiffs’ property. The plaintiffs also seek an order compelling the defendants to restore the land upon which they have encroached to its original condition. In lieu of a jury-waived trial, the parties agreed to submit the case upon stipulations of fact. Additionally, the court received oral arguments and memoranda of counsel and observed the property during a view.

STIPULATIONS OF FACT

See attached Stipulation of Facts, incorporated by reference herein.*

DISCUSSION AND RULINGS OF LAW

According to the parties’ stipulations, there is no dispute that portions of the defendants’ septic system lie beyond the bounds of the express easement granted over the plaintiffs’ land. In support of their position that they should not be required to excavate the encroaching portions of their septic system, the defendants have raised the affirmative defenses of easement by implication and easement by necessity.[3] Alternatively, they suggest that the court should deny the plaintiffs’ request for relief because their incursion falls within the very narrow exception for de minimis encroachments.

A.Easement by Implication

The defendants contend that, had the common owner of the parcels at the time they were severed known that additional land would be necessary to allow an upgraded septic system in the future, he would have included such land in the easement. They cite to an Appeals Court case, Sheftel v. Lebel, for the proposition that “[t]he basic principle governing the interpretation of deeds is that their meaning, derived from the presumed intent of the grantor, is to be ascertained ... in light of the attendant circumstances.” 44 Mass.App.Ct. 175, 179 (1988). The defendants have neglected to include a relevant portion of the quote, however, which indicates that the presumed intent of the grantor “is to be ascertained from the words used in the written instrument, construed when necessary in light of the attendant circumstances” (emphasis supplied). Id.
Here, the written instrument establishes the precise boundaries of the easement clearly and unequivocally, and there is no basis for looking beyond the instrument itself to discern some undeclared intent. See Joyce v. Devaney, 322 Mass. 544, 549 (1948) (creation of express easement negates any intention to create easement by implication); Hamouda v. Harris, 66 Mass.App.Ct. 22, 25 (2006), quoting Cook v. Babcock, 7 Cush. 526, 528 (1851) (where language of instrument is “clear and explicit, and without ambiguity, there is no room for construction, or for the admission of parol evidence, to prove that the parties intended something different”). “What the parties may have intended cannot override the language of the deed[ ].” Joyce, 322 Mass. at 549-50; see also Zotos v. Armstrong, 63 Mass.App.Ct. 654, 657 (2005).

B.Easement by Necessity

The defendants also maintain that they are entitled to expand the boundaries of the express easement because it is necessaiy for the continued use of their home as a habitable dwelling. “An easement by necessity may be implied if [the court] can fairly conclude that the grantor and grantee, had they considered the matter, would have wanted to create one.” Kitras v. Aguinnah, 64 Mass.App.Ct. 285, 291 (2005).[4] “(I]t is the law in this Commonwealth that easements of necessity can only be granted in very limited circumstances of reasonable or absolute necessity.” Goulding v. Cook, 422 Mass. 276, 280 (1996).
This court need not address whether the elements of an implied easement by necessity have been satisfied because, as discussed above, the scope of the septic-system easement is outlined clearly in the deed. See Joyce, 322 Mass. at 549-50. Notwithstanding the defendants’ claim that the common owner of the parcels intended to reserve a large enough easement to allow for septic-system upgrades in the future, courts are not at liberty to ignore the words used in the written instrument to divine some intent to vary the boundaries of the grant. See Sheftel, 44 Mass.App.Ct. at 179.

C.Exception for De Minimis Encroachments

The defendants cite to Goulding v. Cook in support of their argument that expanding the scope of the express easement to accommodate their septic system is appropriate because the encroachment is de mini-mis. In Goulding, the Supreme Judicial Court con *296 fronted a case in which two sets of neighbors, the Gouldings and the Cooks, each claimed ownership of a 2,998 square-foot triangle of land that had been deemed the only suitable location for a new septic system that the town had required the Cooks to install. 422 Mass. at 276. After the Land Court denied the Gouldings’ petition for an injunction to prevent the Cooks from entering the contested parcel, the Cooks entered the parcel and constructed their septic system. Id. at 277. More than a year later, the Land Court entered judgment declaring that the Gouldings owned the parcel, but that such ownership was subject to an easement for the Cooks’ septic system “at a price to be negotiated by the parties and with provisions for maintenance, repair and replacement as counsel so agree.” Id. After granting further appellate review of the Land Court’s creation of the septic-system easement and the Appeals Court’s affirmation thereof, the Supreme Judicial Court vacated the Land Court’s decision and ordered that the Cooks remove their septic system and pay damages to the Gouldings. Id. at 280.
Although the Court observed that property rights are not absolute and are subject to certain restrictions for the benefit of others, it added, “[W]e draw the line at permanent physical occupations amounting to a transfer of a traditional estate in land.” Goulding, 422 Mass. at 277-78.[5] To hold otherwise, the Court remarked, would be to engage impermissibly in a “type of private eminent domain.” Id. at 278, citing Goulding v. Cook, 38 Mass.App.Ct. 92, 99 (1995) (Armstrong, J., dissenting). While the Court sympathized with the Cooks’ plight, noting that “no doubt the Cooks considered themselves in desperate straits,” it concluded that “theirs was not the kind of desperation that justifies self-help with financial adjustments thereafter.” Id.
Although the draconian remedy granted in Gould-ing hurts, rather than helps, the defendants’ cause, they seek refuge in the principle that “the courts will not enjoin truly minimal encroachments, especially when the burden on the defendant would be veiy great.” See Goulding, 422 Mass. at 279. To that end, the defendants suggest that the offending portions of their septic system pose only a negligible imposition on the plaintiffs land. However, the Goulding Court’s illustration of a minimal encroachment was the classic example where one wall of a twenty-story building, from the tenth story upward, bulges outward across a neighbor’s property line by a maximum of four inches. Id., citing Restatement (Second) of Property §941, comment c. “Such an accommodation recognizes the necessarily approximate nature of all legal lines and principles." Id. at 279-80.
Here, by contrast, the defendants’ leach pits extend beyond the boundaries of the easement by a matter of feet, not inches. Notwithstanding the defendants’ suggestion that the intrusion does not measurably burden the plaintiffs’ use or enjoyment of their land, to hold in their favor would not further the principle allowing for token accommodations, but rather would “obliterate it in favor of a general power of equitable adjustment and enforced good neighborliness.” See id. at 280. As a matter of law, the encroachment at issue is not de minimis, and the defendants may not claim the benefit of that principle to avoid application of the standard rule requiring removal. See Feinzig v. Ficksman, 42 Mass.App.Ct. 113, 117-18 (1997), and cases cited (encroachment that measured seven feet at its widest and 195 square feet in total was “palpably more than the very small encroachments that have passed as de minimis”).
That the perceived impact on the plaintiffs’ land may be minor and that the defendants may incur considerable costs in removing the encroachments is of no legal consequence, as courts may not exercise their equitable discretion to violate established principles of law. See id. at 118, citing Goulding, 422 Mass. at 280. Although the neighborly solution would have been to reach an amicable settlement that would allow the defendants to keep their septic system in place, this court does not have the authority to impose such an arrangement. Accordingly, the defendants shall be ordered to remove the encroachments and to restore the affected land to its natural condition.

ORDER

For the foregoing reasons, it is hereby ORDERED that a final judgment enter in favor of the plaintiffs, Michael S. Latka and Nancy J. Latka. The defendants, James Nielsen and Kathy Navid, are permanently enjoined from maintaining and shall (1) remove forthwith such portions of their septic system as extend beyond the boundaries set by the express easement; and (2) restore the plaintiffs’ land to its natural state.

Although an easement by necessity is a species of implied easement (as opposed to express easement), easement by implication is a term more commonly applied to an implied grant derived from an established pattern of prior use, whereas easement by necessity arises from a grantor’s presumed intent to reserve a right of access toa newly landlocked parcel upon severance of commonly-held parcels. See Bedford v. Cerasuolo, 62 Mass.App.Ct. 73, 76-78 (2004). The defendants also raised adverse possession as an affirmative defense in their answer to the plaintiffs’ complaint, but they abandoned this defense in their arguments before the court.

‘To make this deduction, [courts] require (1) that both dominant and servient estates once were owned by the same person or persons, i.e., that there existed a unity of title; (2) a severance of that unity by conveyance; and (3) necessity arising from that severance, all considered “with reference to all the facts within the knowledge of the parties respecting the subject of the grant, to the end that their assumed design may be carried into effect.’ ” Id., citing Orpin v. Morrison, 230 Mass. 529, 533 (1918).

The Court noted that it might depart from this rule in “exceptional” cases, i.e., “ ‘where the unlawful encroachment has been made innocently, and the cost of removal by the defendant would be greatly disproportionate to the injury to the plaintiff from its continuation, or where the substantial *297 rights of the owner may be protected without recourse to an injunction, or where an injunction would be oppressive and inequitable’ ” (citations omitted). Goulding, 422 Mass. at 111 n.3. Even if the defendants’ predecessor-in-title had made an innocent mistake when she installed the septic system, the defendants in this case cannot claim the benefit of this very narrow exception when they admit that they knew of the encroachment before they purchased their home, and yet went forward with the closing despite having failed to negotiate an expansion of the easement with the plaintiffs. In essence, they bought their home with advance notice that they might also be inheriting a lawsuit. See id. at 280 (defendants could not claim “good faith” where they installed septic system while ownership of parcel was still being litigated).