BRICE ESTATES, INC. *vs.* ALAN F. SMITH & others.[1]

No. 09-P-738.

Worcester. January 14, 2010. - March 2, 2010.

Present: KATZMANN, GRAINGER, & MEADE, JJ.

*"Anti-SLAPP" Statute. Practice, Civil,* Motion to dismiss. *Trespass.*

In a civil action alleging trespass, which was filed shortly after the defend-
ants' submission of documentation to the Division of Fisheries and Wildlife's
Natural Heritage and Endangered Species Program that delayed the
plaintiff's efforts to complete its development project, the judge properly
denied the defendants' special motion to dismiss pursuant to G. L. c. 231,
§ 59H, the "anti-SLAPP" statute, where the defendants' alleged trespass
on the plaintiff's property was a basis for the complaint that was independent
of the defendants' petitioning activities. [395-397]

CIVIL ACTION commenced in the Superior Court Department on
October 26, 2004.

A special motion to dismiss was heard by *James R. Lemire,* J.

*J. Mark Dickison* for the defendants.

*George P. Kiritsy* for the plaintiff.

GRAINGER, J. Shortly after the defendants, Alan F. Smith and
James Donaldson, submitted documentation to the Massachusetts
Division of Fisheries and Wildlife's Natural Heritage and
Endangered Species Program (program) delaying the plaintiff's
efforts to complete its development project, the plaintiff filed
suit alleging trespass.[2] A judge of the Superior Court denied the
defendants' special motion to dismiss under G. L. c. 231, § 59H,
the "anti-SLAPP" statute, on the ground that the suit was not
based solely upon protected petitioning activity. We now consider
the defendants' interlocutory appeal from that ruling, and
conclude that the trial judge did not err. Accordingly, we affirm.

---

[1]James Donaldson, John Doe, and Jane Doe.

[2]John Doe and Jane Doe were named defendants in the event other trespassers
were discovered.

*Background.* The plaintiff, Brice Estates, Inc. (Brice Estates), is a real estate developer seeking to establish a large residential subdivision in Rutland. In 2003, the Rutland Conservation Commission (commission) issued an order of conditions pursuant to G. L. c. 131, § 40, the Massachusetts Wetlands Protection Act (act), denying Brice Estates an authorization to alter wetlands on the property. Among the reasons for the denial was Brice Estates's refusal to provide a wildlife habitat evaluation as requested by the commission in accordance with the act.

In 2004, Donaldson, an abutter, grew suspicious when he noted that the flagged boundary separating the parties' properties lay in part on aquatic vegetation. Retaining the services of Smith, a naturalist, Donaldson sought to confirm the wetlands boundary. While so doing, the defendants entered onto Brice's land — *claiming* they did not observe any "no trespassing" signs or barriers — and observed a female four-toed salamander, a rare species protected under the Massachusetts Endangered Species Act (MESA). The defendants photographed and recorded the observation, and submitted a rare animal observation form (observation form) to the program.

As a result of this submission, Brice Estates conducted a wildlife habitat evaluation of the property, seeking to map the habitat of the four-toed salamander. The evaluation resulted in the designation of a portion of Brice Estates's land as a "[p]riority [h]abitat," subjecting the land to additional regulations under MESA. The designation required Brice Estates to redesign its subdivision layout, subjecting the project to substantial delays and costs. Upon learning of the defendants' actions, Brice Estates filed a trespass action in Superior Court seeking monetary damages and injunctive relief.

*Denial of the special motion to dismiss.* We review an appeal from a denial of a special motion to dismiss under the anti-SLAPP statute to determine whether there was an abuse of discretion or an error of law. *Moriarty* v. *Mayor of Holyoke,* 71 Mass. App. Ct. 442, 445 (2008). When considering a G. L. c. 231, § 59H, motion, the moving party bears the initial burden to demonstrate, through the pleadings and affidavits, that the claims sought to be dismissed are "based on [the party's] 'petitioning activities alone and have no substantial basis other

than or in addition to the petitioning activities.' " *Wenger* v. *Aceto*, 451 Mass. 1, 5 (2008), quoting from *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 167-168 (1998). If the moving party fails to make such a showing, the special motion must be denied. *Ibid.*

The defendants' submission of the observation form clearly comprised protected petitioning activity. See *Plante* v. *Wylie*, 63 Mass. App. Ct. 151, 156 (2005) ("[t]he typical mischief that the [anti-SLAPP] legislation is intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects"). However, Brice Estates possessed an independent basis for its complaint — that the defendants committed a trespass on the property.[3] And although the defendants' petitioning activities may have served as the genesis for the plaintiff's decision to file suit, we have repeatedly denied G. L. c. 231, § 59H, motions to dismiss where the underlying conduct involves both petitioning activity and activity not considered petitioning, in this case trespass. See *Ayasli* v. *Armstrong*, 56 Mass. App. Ct. 740, 748-749 (2002); *Garabedian* v. *Westland*, 59 Mass. App. Ct. 427, 432-433 (2003). The Supreme Judicial Court's decision in *Duracraft Corp.* v. *Holmes Products Corp.*, *supra* at 167-168 & n.20, noted that the term "based on" does not mean "in response to"; thus, the mere fact that the defendants' submission of the form may have prompted Brice Estates's complaint does not necessitate dismissal pursuant to the anti-SLAPP statute.

We acknowledge the defendants' assertion that the claimed trespass is a mere pretense and that this suit in truth is based on petitioning activity; in support of this they further assert that the trespass itself caused no "actual injury" to Brice Estates, G. L. c. 231, § 59H.[4] We note that the trespass claim, even if entitling Brice Estates to no more than nominal damages[5] assuming it

---

[3]"To support an action of trespass . . . , it is necessary to prove the actual possession of the plaintiff, and an illegal entry by the defendant." *New England Box Co.* v. *C & R Constr. Co.*, 313 Mass. 696, 707 (1943), quoting from *Barnstable* v. *Thacher*, 3 Met. 239, 242 (1841).

[4]This indicium of pretense asserted by the defendants would have legal relevance had they demonstrated that the claims against them were based on petitioning activities alone, thereby requiring the plaintiffs to demonstrate actual injury. G. L. c. 231, § 59H, first par.

[5]The record evidences a demand by Brice Estates for $100,000 in damages.

prevails, would potentially also merit injunctive relief.[6] Given these considerations, the trial judge did not err in denying the defendants' special motion to dismiss.

*Order denying special motion*
*to dismiss pursuant to G. L.*
*c. 231, § 59H, affirmed.*

---

[6]"The readiness to grant injunctions in trespass cases derives from the historic notion that land is unique and that money is an inadequate substitute." *Franchi* v. *Boulger*, 12 Mass. App. Ct. 376, 380 (1981).