CARMELO TRAMONTE *vs.* ALFONZINE COLARUSSO.

Suffolk.	March 1, 1926. — June 3, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction,* To enjoin continuing trespass, "De minimis non curat lex," One seeking equity must do equity. *Equity Pleading and Practice,* Decree. *Trespass.*

A bill in equity sought to compel the removal of portions of a building of the defendant encroaching on adjoining land of the plaintiff, and damages. A judge who heard the suit found that a brick wall on the defendant's land at the third story bulged onto or overhung the plaintiff's land about one eighth to one quarter of an inch; that this bulging was not designed and was within the rule "*de minimis non curat lex*"; that the foundation to the wall extended onto the plaintiff's land from two to three and a half inches; that at this point there was a shed or "can house" on the plaintiff's premises; that the foundation wall could be removed easily if the defendant was allowed to go upon the plaintiff's land and to remove the can house "so that it will be possible to get at the principal projection and conveniently do the work of removing it." It was not shown through what portion of its length the wall bulged. An interlocutory decree was entered in substance that the defendant should remove the projecting portion of the foundation wall if within a described time the plaintiff filed a consent in writing to the defendant's going on his land and removing the can house so far as necessary therefor. Such consent was not given, and a final decree was entered dismissing the bill. The plaintiff appealed. *Held,* that

(1) In the circumstances, it could not be ruled that the judge was wrong in law, in deciding as he did that the bulging of the wall came within the rule "*de minimis non curat lex*";

(2) The plaintiff properly was required to do equity as a condition to being given equitable relief, and the bill properly was dismissed;

(3) The plaintiff was entitled to nominal damages at least in an action at law, and the decree was ordered modified by adding, "without prejudice to the plaintiff's right to an action at law for damages."

BILL IN EQUITY, filed in the Superior Court on March 16, 1925, to compel the removal of a portion of the building of the defendant alleged to encroach on land of the plaintiff, and for damages.

In the Superior Court, the suit was heard by *Lawton*, J. Material facts found by the judge and decrees entered by his order are described in the opinion. The plaintiff appealed.

The case was submitted on briefs.

*C. D. Nicastro*, for the plaintiff.

No argument nor brief for the defendant.

CARROLL, J. The judge found that the brick wall on the defendant's land at the third story bulged onto or overhung the plaintiff's land about one eighth to one quarter of an inch; that this bulging was not designed and was within the rule "*de minimis*"; that the foundation to the wall extends onto the plaintiff's land from two to three and a half inches; that at this point there is a shed or "can house" on the plaintiff's premises; that portions of the foundation wall could be easily removed if the defendant is allowed to go upon the plaintiff's land and is allowed to move the "can house" "so that it will be possible to get at the principal projection and conveniently do the work of removing it." Except as above stated the record disclosed no evidence and no finding relating to the amount of damage to the plaintiff. An order was issued that if, on or before June, 1925, the plaintiff shall file in court his consent permitting the defendant to use the passageway between the premises, a decree will be entered ordering the defendant to remove the projecting portions of the foundation wall, restore the "can house" to the position it is now in, and remove from the passageway all brick and mortar therein; if such consent is not given, such a decree to be entered as justice requires. The plaintiff did not file the consent and a decree was entered dismissing the bill.

The evidence is not reported. With reference to the bulging of the wall which the judge found came within the "*de minimis*" rule, there is nothing to show over how much

of the wall this bulging extended. It appears from the judge's findings that it was not intentional and was not the result of negligent construction; that it is present only on the wall at the third story and it is not shown through what extent of the wall it stretched. While an obstruction upon the land of another which, if continued, will give the wrong-doer a right in another's property, should be removed, and the injured party under ordinary circumstances can enforce his right in equity, see *Marcus* v. *Brody*, 254 Mass. 152, under the findings made by the judge and the peculiar circumstances shown, as well as from the absence of facts on this record, we cannot say that the judge was wrong in law, in deciding as he did that the bulging of the wall came within the rule "*de minimis.*"

As to the foundation: the plaintiff had the right in equity to have this obstruction on his land removed. But a plaintiff in equity must do equity, and under ordinary conditions if he seeks the removal of an obstruction from his land, must permit the work of removal to be done without charging the defendant with an act of trespass; see in this connection *Winslow* v. *Gifford*, 6 Cush. 327; *Proctor* v. *Adams*, 113 Mass. 376; *Parker* v. *Barnard*, 135 Mass. 116; *Philbin* v. *Marlborough Electric Co.* 218 Mass. 394. And the terms, which may be imposed upon a party as a condition to his obtaining relief, cannot be arbitrary or such as are not warranted by the settled doctrines of equity jurisprudence. *Hanson* v. *Keating*, 4 Hare, 1, 4. In the case at bar, however, it appears that, in order to remove the foundations, it was necessary to alter an outbuilding standing on the plaintiff's premises. To prevent any misunderstanding between the parties, and to permit the necessary work to be carried on, the defendant being required finally to restore the premises to their former condition, the judge made the preliminary order already referred to. The plaintiff evidently was unwilling to comply with the conditions imposed, and refused or neglected to assent to the entry of the defendant upon his premises. In view of these conditions, the decree dismissing the bill was right.

But the plaintiff is entitled to recover his damages in an action at law. Even if the invasion of the plaintiff's rights

were trifling, he is entitled to nominal damages at least. See *Hooten* v. *Barnard*, 137 Mass. 36, 37; *Isbell* v. *Greylock Mills*, 231 Mass. 233, 236, 237. The decree is to be modified by adding "without prejudice to the plaintiff's right to an action at law for damages," and so modified it is affirmed.

*Ordered accordingly.*