MacCORMICK et al. v. McCOY et al.

No. 971.

United States District Court
S. D. Missouri, W. D.

Dec. 29, 1950.

Homer L. Swenson, Mountain Grove, Mo., Waldo B. Wetmore, Wichita, Kan., for plaintiff.

Sam M. Wear, U. S. Atty., Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., Marion Huffman, Hartville, Mo., for defendant.

REEVES, Chief Judge.

Counsel for plaintiffs have sought an opportunity to be heard on oral arguments on the several motions in the above cause. At the outset the defendants, or one of them, filed a motion to dismiss on the several grounds: (a) that the complaint fails to state facts entitling the plaintiff to relief, and (b), that "the court is without jurisdiction because the matter in controversy is less than Three Thousand ($3000) Dollars exclusive of interest and costs."

The complaint has been examined together with supplemental affidavits. It appears from the complaint that the plaintiffs are residents of the State of Kansas and own a farm consisting of 120 acres in Wright county, Missouri, and that in the acquisition of said property they acquired, as well, an easement and private right of way over adjoining property. The grant of the easement is as follows: " * * * also the right to use the road as now established and being used across the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of Sec. 29, Twp. 29, Range 14, in Wright County, Missouri."

It is then alleged in the complaint that said right of ingress and egress is a valuable one on the several grounds that the farm with a value of $5000 would be made useless and its value destroyed without the benefit of said easement and right of way. And, moreover, that the crops harvested annually have a value in excess of $3000 but that said crops would be useless or valueless without the privileges of said easement or right of way for ingress and egress.

It is further alleged in the complaint that the defendants, or one of them, has "harassed and embarrassed plaintiffs in the use of said private way, and has committed numerous and constant trespasses upon said right of way, so as to restrict the normal and reasonable use of said private right of way by the plaintiffs."

The plaintiffs then in their complaint enumerate numerous and sundry actions of the defendants amounting to an interference and an obstruction of the right of way so as to inflict injuries and prevent the quiet, peaceful and profitable use of their farm. While the complaint asserts the extent of the damage as being in excess of $3000 and enumerates the reason for such damage, the complaint is supplemented with an affidavit of one of the parties reiterating in substance the averments of the complaint. The defendants, or one of them challenges, as indicated, the sufficiency of the complaint, both as not showing a right to relief and the lack of jurisdiction because the amount in controversy, it is alleged, is below the jurisdictional amount. These will be examined.

1. In the first place the plaintiffs own the easement by an actual grant. The description is definite and unambiguous. This language is used: "the right to use the road as now established, etc." Unquestionably the monuments are so well fixed that no controversy could be raised on the basis of ambiguity. The plaintiff alleges acts of the defendants, or one of them, that amount to an obstruction and an interference with the free and peaceful enjoyment of the easement belonging to the dominant estate. It is the law, and authorities need not be cited, that any obstruction or anything which wrongfully interferes with the privileges which appertain to an easement such as this, would constitute a nuisance and would entitle the owner of the dominant estate to bring an action to enjoin such a nuisance. See 28 C.J.S., Easements, § 96, p. 778. The averments of the complaint are replete with recitals of obstructions and interferences which seriously damage the dominant estate. The grant is such as to burden the servient estate for all time unless aban-

doned or the grant should be annulled. The plaintiffs have the right to keep the roadway in such repair as to make it convenient for their use and the defendants have no right to use the servient estate in such way as to interfere with this right. Clearly the plaintiffs state a cause of action against the defendants.

 2. The only other question is whether the damage from the trespass is of such an amount as to bring the case within the jurisdiction of this court, namely $3000 or above. It is so alleged in the complaint.

In the case of In re Turner, 119 F. 231, loc. cit. 235, Judge McPherson, formerly of the So. District of Iowa, said: "But it is the value of the land, and not of the use, that is decisive of this question." And, in Ridder Bros. v. Blethen, 142 F.2d 395, the Court of Appeals for the 9th Circuit indicated by Syallabi 4 the true rule: "In determining whether action in federal court involves jurisdictional amount, value of thing sought to be accomplished by the action may relate to either or any party." In the same opinion, the court said, 142 F.2d loc. cit. 399: "The pleading and the evidence introduced upon the hearing of the motion to dismiss an action seeking equitable relief must show such required amount to be of the value of the particular and limited thing sought to be accomplished by the action."

This court cannot say that the averments of the complaint are untrue since they are verified, and, as well, supported by an independent affidavit, and the inference is strong that the harvesting and disposal of the crops will be effectually and completely destroyed as to value by the obstruction and trespasses alleged against one of the defendants. And, moreover, according to the averments, without such right of way, the farm would become of no value.

According to all of the authorities the averments are sufficient to clothe this court with jurisdiction. Accordingly, the motion to dismiss should be and will be overruled.

Whether the interference and obstruction to the use of the easement are sufficient to warrant the court in granting a special hearing should be taken up with counsel, but, in the meantime, it appears from the pleading that a temporary injunction should be entered against the defendants, and the parties will be granted until the 8th day of January, 1951, to show cause why such temporary injunction should not be issued. Such an order would deprive the owner of the servient estate of nothing for the reason that the plaintiffs are entitled to an unrestricted and an unobstructed enjoyment of their right of egress and ingress through the servient estate. The verified petition shows sufficient ground for the granting of the injunction. The Clerk will notify the parties of this setting.