TEXON, INC. *vs.* HOLYOKE MACHINE COMPANY.

Hampden.    May 21, 1979. — September 20, 1979.

Present: GOODMAN, ROSE, & ARMSTRONG, JJ.

*Easement. Deed*, Construction.

Language in a deed stating that the conveyance was subject to the rights of the grantor to maintain steam and electrical conduits through the buildings on the property was sufficiently definite to create an easement, and therefore the grantee was required to bear any expense in relocating the conduits in the event it decided to demolish the buildings. [364-366]

CIVIL ACTION commenced in the Superior Court on June 27, 1977.

The case was heard by *Goldblatt*, J., a District Court judge sitting under statutory authority.

*John P. Birmingham*, Jr., for the defendant.
*Edwin F. Lyman* for the plaintiff.

ROSE, J. The plaintiff (Texon) brought this declaratory action in the Superior Court to obtain a determination of its rights and duties with respect to an easement reserved by the defendant (Holyoke) in a deed by which Texon purchased a parcel of land and buildings from Holyoke. In particular, it sought a determination of whether Holyoke's easement to maintain steam and electrical conduits through Texon's buildings would be terminated by Texon's proposed demolition of the buildings and, if the easement would not be terminated by such action, which

party would bear the expense of relocating the conduits.

Texon purchased the parcel in question from Holyoke on June 1, 1965. At that time steam pipes servicing Holyoke's manufacturing plant across the street ran through the conveyed building. These pipes are still in existence and are still used by Holyoke for the transmission of steam. They run through Texon's buildings at a height of twelve to twenty-five feet above ground level supported by the walls of the buildings before going under the street to Holyoke's plant. Holyoke relies on the steam supplied by these pipes for use in its manufacturing operations.

The deed by which Texon acquired the property stated that the conveyance was "[s]ubject to the rights of the grantor [Holyoke] to maintain steam and electrical conduits for use by the grantor on other premises owned by it on the east side of Main Street which conduits originate on the premises herein granted." Both parties agree that this reservation created a property right in the nature of an easement, and that the steam pipes referred to above are a use guaranteed by the easement. Texon now wishes to demolish its building, and the evidence indicates that such an action would render the present path of the pipes unusable. For Holyoke to continue to receive steam in the event the planned demolition takes place, it will be necessary to relocate the pipes.

The judge declared that Texon's planned demolition of its building would not terminate Holyoke's easement to maintain conduits across Texon's property. He stated that Holyoke at its own expense could relocate the conduits via the most economical route across Texon's land in the event of demolition. The judge allocated the costs of relocation to Holyoke because he found that the terms of the reservation were ambiguous and that extrinsic evidence indicated an intent that Holyoke be responsible for the cost of relocating any conduits in place under the easement. Holyoke appeals the judgment to the extent that it declared that Holyoke had to bear the expense of

relocating the conduits. Texon did not perfect an appeal from any aspect of the judgment and does not challenge the judge's ruling that the deed properly reserved an easement which would not be terminated by the proposed demolition of Texon's building.

Our examination of the record leads us to conclude that the language in the deed creating the easement was not ambiguous (compare *United States* v. *Sea Gate, Inc.*, 397 F. Supp. 1351, 1358 [D.N.C. 1975]) and that it created in Holyoke a property interest which will be infringed by Texon's demolition of its building unless Texon bears the expense of relocating conduits presently in place.

Holyoke's reservation of a right "to maintain" its conduits was sufficiently definite to create an easement. Compare *Tenneco* v. *May*, 377 F. Supp. 941, 943 (E.D. Ky. 1974), aff'd 512 F.2d 1380 (6th Cir. 1975). Holyoke's right to maintain conduits over Texon's property was not limited by any language in the reservation so its right of use is defined by general principles of property law. See Burby, Real Property § 27 (3d ed. 1965); 2 Tiffany, Real Property § 415 (abridged 3d ed. 1970). There is no requirement that the reservation of a right of use spell out detailed methods of resolving what the judge below referred to as "all disputes which might arise between the parties." Cf. *New York Cent. R.R.* v. *Ayer*, 242 Mass. 69, 75 (1922).

The owner of an easement bears the responsibility of keeping it in day-to-day repair. *Prescott* v. *White*, 21 Pick. 341, 342 (1838). See *New York Cent. R.R.* v. *Ayer*, 242 Mass. at 75; *MacCormick* v. *McCoy*, 94 F. Supp. 772, 773-774 (S.D. Mo. 1950). The owner of the property burdened by the easement, on the other hand, may not use his land in a way that will interfere with the easement owner's right of use. *New York Cent. R.R.* v. *Ayer*, 242 Mass. at 75. *Healey* v. *Smith Carriage Co.*, 265 Mass. 203, 208 (1928). *Sargeant* v. *Traverse Bldg. Trust*, 267 Mass. 490, 494-495 (1929). *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.*, 292 Mass. 332, 335 (1935). *Cape Cod Hosp., Inc.* v. *Cape*

*Cod Medical Center, Inc.*, 7 Mass. App. Ct. 873 (1979). *Buckeye Pipeline Co.* v. *Keating*, 229 F.2d 795, 798-799 (7th Cir. 1956). *Tenneco* v. *May*, 377 F. Supp. at 943-944. The owner of the servient estate may not use the property subject to the easement in a way that would lead to a material increase in the cost or inconvenience to the easement holder's exercise of his rights. *United States* v. *Sea Gate, Inc.*, 397 F. Supp. at 1358. An interference with an easement holder's use of the land amounts to an infringement of a valuable property interest. See *Buckeye Pipeline Co.* v. *Keating, supra* at 798-799. The owner of property burdened by an easement whose use of that property impairs the rights of the holder of the easement may be enjoined from the infringing activity (*United States* v. *Sea Gate, Inc.*, 397 F. Supp. at 1358) or required to take measures at his expense to accommodate the easement holder's right of use. See *New York Cent. R.R.* v. *Ayer*, 242 Mass. at 75.

Holyoke's right of use arising out of its easement is superior to Texon's property interest, and Texon must avoid activities which are inconsistent with Holyoke's use of the easement. See *Buckeye Pipeline Co.* v. *Keating*, 229 F.2d at 798. Texon's proposed demolition of its building would materially interfere with Holyoke's use of its easement. Compare *id.* at 798-799; *Tenneco* v. *May*, 377 F. Supp. at 943-944. Accordingly, Texon must bear the expense of relocating the steam and electrical conduits so that Holyoke's benefits from its easement will be unaltered by the change in Texon's use of its land.

The judgment shall be modified to declare that Texon must bear the expense of relocating Holyoke's electrical and steam conduits by the most feasible and economical route available.

*So ordered.*