ANTHONY F. CAPODILUPO, individually and as trustee,[1] *vs.*
CHARLES VOZZELLA, individually and as trustee.[2]

No. 96-P-1788.

Suffolk. April 6, 1998. - January 26, 1999.

Present: ARMSTRONG, LENK, & BECK, JJ.

*Real Property,* Trespass, Registered land. *Trespass. Injunction.*

Encroachments of less than five inches on two sides of a parcel of registered
land by a one-story building, in a highly built-up area of the North End
section of Boston, were de minimis, in circumstances in which the owner
of the registered land was in no way denied the beneficial use of his land
and in which the encroachment was spatially inconsequential; a Land
Court judge erred in ordering the removal of the encroaching walls where
that would have imperiled the stability of the encroaching building.
[226-228]

CIVIL ACTION commenced in the Land Court Department on
October 12, 1988.

The case was heard by *Robert V. Cauchon,* J.

*Frank L. Fragomeni, Jr.,* for the defendant.

*Kevin L. Quinlan* for Donato F. Pizzuti.

*Henry H. Thayer,* for Abstract Club and Massachusetts
Conveyancers Association, amici curiae, submitted a brief.

LENK, J. The plaintiff and the defendant own abutting property
in the North End section of Boston. The plaintiff brought this
suit because he claims that the westerly and southerly walls of
the defendant's one-story building encroach by 3.6 to 4.8 inches
upon his land, which is registered land. The plaintiff sought the
removal of the purported encroachment as well as damages and
costs. Following a bench trial on October 11, 1991, judgment

---

[1] Of the 214-228 Hanover Street Realty Trust. On January 22, 1997, Donato
F. Pizzuti, as trustee, purchased the interests of the plaintiff, Anthony Capodi-
lupo, in the subject property.

[2] Of the North Hanover Court Realty Trust and the 7 North Hanover Court
Condominium Trust.

entered in the plaintiff's favor, and the defendant was ordered to remove the offending portion of his one-story building. The defendant filed a motion for clarification and a motion for stay pending appeal. The judge allowed the latter motion but took no action on the motion for clarification. On appeal, the defendant contends that (1) because the southerly wall of his building is a common wall, the judge erred in concluding that it encroached upon the plaintiff's land and in granting judgment in the plaintiff's favor; (2) where any alleged encroachment on the plaintiff's property is de minimis, the judge's order of removal was improper; and (3) the judge's removal order is too vague to be enforceable and should be remanded to the Land Court for clarification. We reverse.

*Background.* The plaintiff, as trustee, owned the five-story brick building located at 214-228 Hanover Street in Boston's North End.[3] The portion of this property which is contiguous to the defendant's property is registered land. The defendant, as trustee of the North Hanover Court Realty Trust and the 7 North Hanover Court Condominium Trust, is the owner of 7 North Hanover Court in the North End. A single-story portion of the defendant's building at 7 Hanover Court abuts the plaintiff's property along one edge of a small paved courtyard containing trash receptacles which are located at the rear of the property. The uncontradicted evidence at trial indicates that the southerly wall of the defendant's one-story structure extends onto the plaintiff's property in a taper beginning at the North Hanover Court corner where there is no encroachment, then increasing in width to .3 feet at the westerly corner of the wall, and that the westerly wall has a constant encroachment of .4 feet.[4] The judge found that the one-story structure was built sometime after 1914 and appears to be part of an older four-story wooden building adjoining the one-story structure to the north. The judge ruled that the plaintiff holds title to his land free from all encumbrances except those on the certificate of title and ordered the defendant to commence removal of the portion of his structure which encroaches on the plaintiff's locus. The plaintiff offered no evidence of damages, and the judge made no finding as to monetary damages.

---

[3]See note 1, *supra.*

[4]The defendant does not dispute the fact that his building extends slightly onto the plaintiff's land but, rather, asserts that, at least as to the southerly wall of his building, there is no encroachment because the wall is a common or party wall.

*Discussion.* The defendant asserts that, even if his building does encroach upon the plaintiff's property,[5] the encroachment is de minimis and does not warrant an order of removal. We agree.

In the majority of circumstances where there is an encroachment, the landowner is entitled to an order of removal. See, e.g., *Goulding* v. *Cook*, 422 Mass. 276, 277-278 (1996); *Feinzig* v. *Ficksman*, 42 Mass. App. Ct. 113, 118 (1997). "In Massachusetts a landowner is ordinarily entitled to mandatory equitable relief to compel removal of a structure significantly encroaching on his land, even though the encroachment was unintentional or negligent and the cost of removal is substantial in comparison to any injury suffered by the owner of the lot upon which the encroachment has taken place." *Peters* v. *Archambault*, 361 Mass. 91, 92 (1972). There exists, however, a category of "exceptional cases" where an order of removal is not mandated. "In rare cases, referred to in our decisions as 'exceptional' courts of equity have refused to grant a mandatory injunction and have left the plaintiff to his remedy of damages, 'where the unlawful encroachment has been made innocently, and the cost of removal by the defendant would be greatly disproportionate to the injury to the plaintiff from its continuation, or where the substantial rights of the owner may be protected without recourse to an injunction, or where an injunction would be oppressive and inequitable. But these are the exceptions. . . . What is just and equitable in cases of this sort depends very much on the particular facts and circumstances disclosed.' " *Goulding* v. *Cook*, 422 Mass. at 277 n. 3, quoting from *Peters* v. *Archambault, supra* at 93.

Included in the category of exceptional cases are those where the encroachment is "trivial," or de minimis, in nature. *Ibid.* *Franchi* v. *Boulger*, 12 Mass. App. Ct. 376, 379 (1981). See *Lynch* v. *Union Inst. for Sav.*, 159 Mass. 306, 310 (1893) (although encroachment was not insignificant, plaintiff only had a short term left on his lease); *Tramonte* v. *Colarusso*, 256 Mass. 299, 301 (1926) (bulge of a building encroached one eighth to one quarter of an inch); *Loughlin* v. *Wright Mach. Co.*, 273 Mass. 310, 315-316 (1930) (encroachment of sewer pipe under six-inch strip of plaintiff's land did not affect plaintiff's

---

[5]We reject the defendant's first argument that the southerly wall was a common wall and, consequently, not an encroachment. The argument is not supported by the facts or the law.

beneficial use of his land); *Triulzi* v. *Costa*, 296 Mass. 24, 28 (1936) (a few bricks imbedded in defendant's wall projected only a few inches into plaintiff's wall). In *Goulding* v. *Cook, supra* at 279, the court quoted comment c of the Restatement (Second) of Torts § 941 (1979), at 583, in describing a minimal encroachment as follows: "The extent of the encroachment varies at different points, the maximum being four inches." The maximum encroachment issue here is 4.8 inches (the west wall).

The court may also consider whether the cost of removing the encroachment is greatly disproportionate to the benefit to the plaintiff from removing it, *Ottavia* v. *Savarese*, 338 Mass. 330, 336 (1959), and whether the encroachment is intentional or the result of negligent construction, *Tramonte* v. *Colarusso*, 256 Mass. at 301. Thus, it is proper, when considering whether a case comes within a particular exception, for the court to engage in a balancing of equities after due consideration of all pertinent facts. See *Lynch* v. *Union Inst. for Sav.*, 159 Mass. at 308, 310.

Here, the one-story addition to the defendant's building has two brick corner walls which encroach upon an 11,878 square foot parcel of land belonging to the plaintiff. The first wall, 23.77 feet in length, encroaches increasingly in a taper from zero to 3.6 inches; the second, 8.38 feet long, consistently encroaches 4.8 inches. The judge found that the encroachments were not de minimis because the locus is in a highly built-up downtown area and because the encroachments were greater than the precision ratio set forth in the Land Court Manual for the Survey and Preparation of Plans to Be Filed in the Land Court (1989). These factors considered by the trial judge, however, are not exhaustive criteria for determining whether an encroachment is de minimis.

The encroachments here burden a small open courtyard which the plaintiff uses to store trash. The plaintiff makes no argument that the existence of this encroachment denies him in any way the beneficial use of his land, and the judge made no finding to this effect. In addition, the uncontroverted evidence at trial was that removal of these walls would render the defendant's building unsafe. Where the plaintiff cites no benefit from removal of the encroachment, the defendant notes that removal would imperil the stability of his building, the plaintiff does not contend that the encroachment is intentional or the result of negligent construction, and the magnitude of the encroachment is spatially inconsequential, we conclude that the encroachment upon the plaintiff's property is truly de minimis.

Although equitable exceptions to the mandatory removal rule have never been applied to registered land,[6] our courts have acknowledged the possibility that the exceptions might apply in appropriate instances. See *McCarthy* v. *Lane*, 301 Mass. 125, 130 (1938); *Goldstein* v. *Beal*, 317 Mass. 750, 758 (1945); *Peters* v. *Archambault*, 361 Mass. at 93-94. See also *Feinzig* v. *Ficksman*, 42 Mass. App. Ct. at 118. This case presents the appropriate facts and equitable considerations for the application of the exception.[7] Under the circumstances of this case, we conclude that the granting of injunctive relief would be oppressive and inequitable. *Starkie* v. *Richmond*, 155 Mass. 188, 195 (1892). *Triulzi* v. *Costa*, 296 Mass. 24, 28 (1936). The trial judge erred in concluding that the de minimis exception did not apply.

In light of our conclusion above, we need not decide whether the judge's order of removal was impermissibly vague. The injunction ordering removal of the encroachment upon the plaintiff's land is reversed.

*So ordered.*

---

[6]General Laws c. 185, § 46, as appearing in St. 1981, c. 658, § 26, provides in part that "[e]very plaintiff receiving a certificate of title in pursuance of a judgment of registration . . . shall hold the same free from all encumbrances except those noted on the certificate." Registered land is "protected to a greater extent than other land from unrecorded and unregistered liens, prescriptive rights, encumbrances, and other burdens." *Peters* v. *Archambault*, 361 Mass. at 93.

[7]We appreciate the submission of the amicus curiae brief jointly by the Abstract Club and the Massachusetts Conveyancers Association, Inc., in response to an invitation from this court. The answer to the question posed by this court was set forth in their brief as follows: "[w]here injunctive relief is sought to require the removal of an unrecorded encumbrance from registered land, the encumbrance is assumed to be de minimis and the granting of injunctive relief would be inequitable, the court is *not* compelled to grant the injunction solely because the property in question is registered land" (emphasis original).