Paulini Loam, LLC (Paulini) brought suit against abutting landowner Colbea Enterprises, LLC (Colbea)[3] and Colbea's tenant, Suburban Shell Service, Inc. (Suburban), seeking removal of certain encroachments on Paulini's land. After a bench trial, a Superior Court judge ordered the defendants to remove some of the encroachments,[4] but declined to order the removal of a car-wash structure and a small portion of pavement. As to the car wash, the judge ruled that the encroachment was innocent and de minimis and that requiring removal would be oppressive and inequitable to the defendants while not necessary to protect Paulini's substantial rights. As to the pavement, the judge ruled that Suburban had acquired a prescriptive easement. The parties cross-appeal.
Paulini's appeal. Paulini argues that the judge erred by not ordering the defendants to remove the car wash. We review the judge's findings of fact for clear error and his conclusions of law de novo. See Cavadi v. DeYeso, 458 Mass. 615, 624 (2011). "We examine the judge's imposition of equitable remedies under an abuse of discretion standard." Ibid., quoting from Demoulas v. Demoulas, 428 Mass. 555, 589 (1998).
The judge's reasons for not ordering removal were sound. First, he was warranted in concluding that the encroachment was innocent based on evidence that Colbea's predecessor in title had the land surveyed before building the car wash in 1997. Paulini raises no serious challenge to the factual support for the judge's determination. Instead, Paulini argues that, even if the original encroachment was innocent, Colbea cannot claim innocence because it purchased the property in the middle of litigation and thus with knowledge of the encroachment. But Paulini cites no authority to support the proposition that an encroachment, made innocently, loses its innocence upon sale of the property.[5] Paulini's conclusory claim does not rise to the level of adequate appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
Second, the judge properly found the encroachment to be de minimis. The encroachment is comparable in magnitude to that in Capodilupo v. Vozzella, 46 Mass. App. Ct. 224, 227 (1999). Although Paulini contends that the encroachment here is greater, the judge found the differential to be "marginal[ ]," while Paulini's "parcel of land is roughly [ten] times as large as the encroached-upon parcel in Capodilupo." These findings are not clearly erroneous. Moreover, as in Capodilupo, Paulini has made no plausible claim that the encroachment is denying it the beneficial use of its land. Ibid.
Finally, the judge was warranted in finding that an order of removal would be oppressive and inequitable to the defendants and was not necessary to protect Paulini's substantial rights. A court of equity can refuse to require removal of an encroachment where "the cost of removal by the defendant[s] would be greatly disproportionate to the injury to the plaintiff from [the] continuation" of the encroachment. Goulding v. Cook, 422 Mass. 276, 277 n.3 (1996), quoting from Peters v. Archambault, 361 Mass. 91, 93 (1972). Here, the judge had evidence from which he could infer that the costs to the defendants of relocating or removing the car wash would be not insubstantial. Paulini, on the other hand, failed to articulate what injury it would suffer if the car wash remains where it is.[6] The judge appropriately balanced these equities and acted within his discretion in declining to order removal.
The defendants' appeal. The defendants first contend that the judge defined Suburban's prescriptive easement too narrowly and should have found that it extended "to the edge of the car wash encroachment." But as the defendants agreed at trial, Suburban's claim to an easement depended on its proving that a fence located between the two properties had remained in the same location for twenty years. The judge found Suburban's proof to be insufficient, and the defendants acknowledge that this was not clear error. We therefore have no basis on which to reverse the judge's decision. Although the defendants now advance a theory that some unspecified "documentary evidence" supports a finding of a broader easement, we decline to consider that argument as it is unsupported by record citations and is different from the theory presented to the judge at trial. See Mass.R.A.P. 16(a)(4) ; Williams Bros. v. Peck, 81 Mass. App. Ct. 682, 688 n.7 (2012).
The defendants' next argument fares better. We agree that the judge should have concluded that Colbea acquired title by adverse possession to the encroaching portion of pavement, and not merely an easement by prescription. The judge found, and Paulini does not dispute, that Suburban "made open, notorious, continuous and adverse use of this land for well over [twenty] years." Colbea was thus entitled to title by adverse possession of the same area. See Lawrence v. Concord, 439 Mass. 416, 426 (2003) ("A person claiming title by adverse possession need not personally occupy the land for twenty years. He may rely on the possession of his tenants, whose possession is his own"); AM Properties, LLC v. J & W Summit Ave., LLC, 91 Mass. App. Ct. 150, 157-158 (2017) (landowner allowed to tack on period of use by tenant).[7]
Conclusion. The judgment shall be modified to reflect that Colbea acquired title by adverse possession to the portion of encroaching pavement. As so modified, the judgment is affirmed.
So ordered.

Colbea purchased the property while the case was pending and was then substituted as a defendant.

There appears to be no dispute that the defendants have already removed these encroachments, which consist of underground vent pipes, fence sections, and a utility pole.

The only case Paulini cites, Goulding v. Cook, 422 Mass. 276 (1996), indicates, to the contrary, that the focus of the inquiry is whether "the unlawful encroachment has been made innocently." Id. at 277 n.3, quoting from Peters v. Archambault, 361 Mass. 91, 93 (1972).

Paulini curiously argues that other encroachments (the fence portions and the vent pipes) are preventing it from installing a fence on its property. But again, the judge ordered the defendants to remove those encroachments, and the defendants do not challenge that part of the order.

Paulini does not contest that privity exists between Colbea and its predecessors in title.